**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MERCK SHARP & DOHME CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and<br>DR. REDDY'S LABORATORIES, LTD.,<br><br>*Defendants*. | C.A. No. _____ |

**<u>COMPLAINT</u>**

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") Nos. 214700 and 214685 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a version of JANUVIA® (sitagliptin phosphate) and JANUMET® (metformin hydrochloride; sitagliptin phosphate) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. notified Merck by letter dated May 14, 2020 ("Dr. Reddy's '700 Notice Letter") that they had submitted to the FDA ANDA No. 214700 ("Dr. Reddy's '700 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic

1

sitagliptin phosphate oral tablets ("Dr. Reddy's '700 ANDA Product") prior to the expiration of the '708 patent.

3. On information and belief, Dr. Reddy's '700 ANDA Product is a generic version of Merck's JANUVIA®.

4. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. notified Merck by letter dated June 16, 2020 ("Dr. Reddy's '685 Notice Letter") that they had submitted to the FDA ANDA No. 214685 ("Dr. Reddy's '685 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate oral tablets ("Dr. Reddy's '685 ANDA Product") prior to the expiration of the '708 patent.

5. On information and belief, Dr. Reddy's '685 ANDA Product is a generic version of Merck's JANUVIA®.

6. Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. are collectively referred to as "Dr. Reddy's."  Dr. Reddy's '700 Notice Letter and Dr. Reddy's '685 Notice Letter are collectively referred to herein as "Dr. Reddy's Notice Letters."  Dr. Reddy's '700 ANDA and Dr. Reddy's '685 ANDA are collectively referred to herein as "Dr. Reddy's ANDAs."  Dr. Reddy's '700 ANDA Product and Dr. Reddy's '685 ANDA Product are collectively referred to herein as "Dr. Reddy's ANDA Products."

## PARTIES

7. Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

8. Merck is the holder of NDA No. 021995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

2

9.    Merck is the holder of NDA No. 22044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.

10.    On information and belief, defendant Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 107 College Road East, Princeton, New Jersey 08540.  On information and belief, Dr. Reddy's Laboratories, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

11.    On information and belief, defendant Dr. Reddy's Laboratories, Ltd. is a corporation organized and existing under the laws of India, with a principal place of business of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telenangana 500034, India.  Upon information and belief, Dr. Reddy's Laboratories, Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Dr. Reddy's Laboratories, Inc.

12.    On information and belief, Dr. Reddy's Laboratories, Inc. is a wholly owned subsidiary of Dr. Reddy's Laboratories, Ltd.

13.    On information and belief, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. acted in concert to prepare and submit Dr. Reddy's ANDAs to the FDA.

14.    On information and belief, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. know and intend that upon approval of Dr. Reddy's ANDAs, Dr. Reddy's will manufacture, market, sell, and distribute Dr. Reddy's ANDA Products throughout the United States, including in Delaware.  On information and belief, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Dr. Reddy's ANDA Products, and enter

3

into agreements that are nearer than arm's length.  On information and belief, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. participated, assisted, and cooperated in carrying out the acts complained of herein.

15.     On information and belief, following any FDA approval of Dr. Reddy's ANDAs, Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. will act in concert to distribute and sell Dr. Reddy's ANDA Products throughout the United States, including within Delaware.

## JURISDICTION

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17.     This Court has personal jurisdiction over Dr. Reddy's.

18.     Dr. Reddy's Laboratories, Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  In addition, on information and belief, Dr. Reddy's Laboratories, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

19.     Dr. Reddy's Laboratories, Ltd. is subject to personal jurisdiction in Delaware because, among other things, Dr. Reddy's Laboratories, Ltd., itself and through its wholly owned subsidiary Dr. Reddy's Laboratories, Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Dr. Reddy's Laboratories, Ltd., itself and through its wholly owned subsidiary Dr. Reddy's Laboratories, Inc., develops, manufactures, imports, markets,

4

offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Dr. Reddy's Laboratories, Ltd. is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Dr. Reddy's Laboratories, Inc., and therefore the activities of Dr. Reddy's Laboratories, Inc. in this jurisdiction are attributed to Dr. Reddy's Laboratories, Ltd.

20.     In addition, this Court has personal jurisdiction over Dr. Reddy's because Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this district by asserting claims and/or counterclaims in this district.  *See, e.g.*, *Genzyme Corp. et al. v. Dr. Reddy's Labs., Inc. and Dr. Reddy's Labs., Ltd,* No. 19-2045-CFC (D. Del. Nov. 20, 2019); *Boehringer Ingelheim Pharmaceuticals Inc. v. Dr. Reddy's Labs., Inc. and Dr. Reddy's Labs., Ltd.,* No. 19-1495-CFC (D. Del. Sep. 4, 2019); *Genzyme Corp. et al. v. Dr. Reddy's Labs., Inc. and Dr. Reddy's Labs., Ltd.*, No. 18-1839-CFC (D. Del. Jan. 16, 2019); *Pfizer Inc. et al. v. Dr. Reddy's Labs., Inc. and Dr. Reddy's Labs., Ltd.*, No. 19-750-CFC (D. Del. Jul. 15, 2019), D.I. 12; *Onyx Therapeutics, Inc. v. Dr. Reddy's Labs., Inc. and Dr. Reddy's Labs., Ltd.*, No. 17-1811-LPS (D. Del. Jan. 23, 2018); *Viiv Healthcare Co., Shionogi & Co., Ltd., and Viiv Healthcare UK (No. 3) Ltd. v. Dr. Reddy's Labs., Inc. and Dr. Reddy's Labs., Ltd.*, No. 17-1678-MSG (D. Del. Feb. 12, 2018).

21.     On information and belief, if Dr. Reddy's ANDAs are approved, Dr. Reddy's will manufacture, market, sell, and/or distribute Dr. Reddy's ANDA Products within the United

ME1 33686958v.1

States, including in Delaware, consistent with Dr. Reddy's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Dr. Reddy's regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Dr. Reddy's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Dr. Reddy's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Dr. Reddy's ANDA Products are approved before the patent expires.

22.    On information and belief, Dr. Reddy's derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Dr. Reddy's and/or for which Dr. Reddy's Laboratories, Inc. and/or Dr. Reddy's Laboratories, Ltd. is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Dr. Reddy's Laboratories, Inc. and/or Dr. Reddy's Laboratories, Ltd. is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

## **VENUE**

23.    Merck incorporates each of the preceding paragraphs 1–22 as if fully set forth herein.

24.    Venue is proper in this district as to Dr. Reddy's under 28 U.S.C. § 1400(b) because on information and belief, Dr. Reddy's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients

6

in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Ajanta's ANDA Product is approved before the patent expires

25. Venue is also proper in this district as to Dr. Reddy's Laboratories, Ltd. under 28 U.S.C. § 1391 because Dr. Reddy's Laboratories, Ltd. is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

## THE '708 PATENT

26. Merck incorporates each of the preceding paragraphs 1–**Error! Reference source not found.** as if fully set forth herein.

27. The inventors named on the '708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

28. The '708 patent, entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" (attached as Exhibit A), was duly and legally issued on February 5, 2008.

29. Merck is the owner and assignee of the '708 patent.

30. The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.

31. JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUVIA® in the FDA's Orange Book.

32. JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUMET® in the FDA's Orange Book.

ME1 33686958v.1

## COUNT I – INFRINGEMENT OF THE '708 PATENT
## (DR. REDDY'S '700 ANDA PRODUCT)

33.     Merck incorporates each of the preceding paragraphs 1–32 as if fully set forth herein.

34.     In Dr. Reddy's '700 Notice Letter, Dr. Reddy's notified Merck of the submission of Dr. Reddy's '700 ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Dr. Reddy's '700 ANDA Product prior to the expiration of the '708 patent.

35.     In Dr. Reddy's '700 Notice Letter, Dr. Reddy's also notified Merck that, as part of its ANDA, Dr. Reddy's had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Dr. Reddy's submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's '700 ANDA Product.

36.     In Dr. Reddy's '700 Notice Letter, Dr. Reddy's stated that Dr. Reddy's '700 ANDA Product contains sitagliptin phosphate as an active ingredient.

37.     Dr. Reddy's '700 ANDA Product, and the use of Dr. Reddy's '700 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Dr. Reddy's '700 ANDA Product.

38.     In Dr. Reddy's '700 Notice Letter, Dr. Reddy did not contest infringement of claim 1 of the '708 patent.

ME1 33686958v.1

39. Dr. Reddy's submission of its '700 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's '700 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

40. On information and belief, Dr. Reddy's will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's '700 ANDA Product immediately and imminently upon approval of its ANDA.

41. The manufacture, use, sale, offer for sale, or importation of Dr. Reddy's '700 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

42. On information and belief, the manufacture, use, sale, offer for sale, or importation of Dr. Reddy's '700 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

43. On information and belief, Dr. Reddy's plans and intends to, and will, actively induce infringement of the '708 patent when Dr. Reddy's '700 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Dr. Reddy's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

44. On information and belief, Dr. Reddy's knows that Dr. Reddy's '700 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Dr. Reddy's '700 ANDA Product is not a staple article or commodity of commerce, and that Dr. Reddy's '700 ANDA Product and its proposed labeling are not suitable for

9

substantial noninfringing use.  On information and belief, Dr. Reddy's plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Dr. Reddy's '700 ANDA.

45.    Notwithstanding Dr. Reddy's knowledge of the claims of the '708 patent, Dr. Reddy's has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Dr. Reddy's '700 ANDA Product with its product labeling following FDA approval of Dr. Reddy's '700 ANDA prior to the expiration of the '708 patent.

46.    The foregoing actions by Dr. Reddy's constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

47.    On information and belief, Dr. Reddy's has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

48.    Merck will be substantially and irreparably damaged by infringement of the '708 patent.

49.    Unless Dr. Reddy's is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT (DR. REDDY'S '700 ANDA PRODUCT)

50.    Merck incorporates each of the preceding paragraphs 1–49 as if fully set forth herein.

10

51.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Dr. Reddy's on the other regarding Dr. Reddy's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

52.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Dr. Reddy's '700 ANDA Product with its proposed labeling, or any other Dr. Reddy's drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

## COUNT III – INFRINGEMENT OF THE '708 PATENT
## (DR. REDDY'S '685 ANDA PRODUCT)

53.     Merck incorporates each of the preceding paragraphs 1–52 as if fully set forth herein.

54.     In Dr. Reddy's '685 Notice Letter, Dr. Reddy's notified Merck of the submission of Dr. Reddy's '685 ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Dr. Reddy's '685 ANDA Product prior to the expiration of the '708 patent.

55.     In Dr. Reddy's '685 Notice Letter, Dr. Reddy's also notified Merck that, as part of its ANDA, Dr. Reddy's had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Dr. Reddy's submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's '685 ANDA Product.

11

56.     In Dr. Reddy's '685 Notice Letter, Dr. Reddy's stated that Dr. Reddy's '685 ANDA Product contains sitagliptin phosphate as an active ingredient.

57.     Dr. Reddy's '685 ANDA Product, and the use of Dr. Reddy's '685 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Dr. Reddy's '700 ANDA Product.

58.     In Dr. Reddy's '685 Notice Letter, Dr. Reddy did not contest infringement of claim 1 of the '708 patent.

59.     Dr. Reddy's submission of its '685 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Dr. Reddy's '685 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

60.     On information and belief, Dr. Reddy's will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Dr. Reddy's '685 ANDA Product immediately and imminently upon approval of its ANDA.

61.     The manufacture, use, sale, offer for sale, or importation of Dr. Reddy's '685 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

62.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Dr. Reddy's '685 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

ME1 33686958v.1

63.     On information and belief, Dr. Reddy's plans and intends to, and will, actively induce infringement of the '708 patent when Dr. Reddy's '685 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Dr. Reddy's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

64.     On information and belief, Dr. Reddy's knows that Dr. Reddy's '685 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Dr. Reddy's '685 ANDA Product is not a staple article or commodity of commerce, and that Dr. Reddy's '685 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Dr. Reddy's plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Dr. Reddy's '685 ANDA.

65.     Notwithstanding Dr. Reddy's knowledge of the claims of the '708 patent, Dr. Reddy's has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Dr. Reddy's '685 ANDA Product with its product labeling following FDA approval of Dr. Reddy's '685 ANDA prior to the expiration of the '708 patent.

66.     The foregoing actions by Dr. Reddy's constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

67.     On information and belief, Dr. Reddy's has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

ME1 33686958v.1

68.    Merck will be substantially and irreparably damaged by infringement of the '708 patent.

69.    Unless Dr. Reddy's is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT (DR. REDDY'S '685 ANDA PRODUCT)

70.    Merck incorporates each of the preceding paragraphs 1–69 as if fully set forth herein.

71.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Dr. Reddy's on the other regarding Dr. Reddy's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

72.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Dr. Reddy's '685 ANDA Product with its proposed labeling, or any other Dr. Reddy's drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

## PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a)    A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Dr. Reddy's submission to the FDA of Dr. Reddy's ANDAs;

(b)    A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Dr. Reddy's ANDA Products, or any other drug product

14

that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Dr. Reddy's, and all persons acting in concert with Dr. Reddy's, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Dr. Reddy's ANDA Products, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Dr. Reddy's ANDA Products, or any other drug product that is covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '708 patent;

(e)    A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(f)    Costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

ME1 33686958v.1

Dated: June 24, 2020

Respectfully submitted,

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver

Michael P. Kelly (#2295)

OF COUNSEL:

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Bruce R. Genderson                      Renaissance Centre
Jessamyn S. Berniker                    405 N. King Street, 8th Floor
Stanley E. Fisher                       Wilmington, DE 19801
Alexander S. Zolan                      T: (302) 984-6300
Elise M. Baumgarten                     mkelly@mccarter.com
Shaun P. Mahaffy                        dsilver@mccarter.com
Anthony H. Sheh                         ajoyce@mccarter.com
Jingyuan Luo
WILLIAMS & CONNOLLY LLP                  *Attorneys for Plaintiff*
725 Twelfth Street, N.W.                *Merck Sharp & Dohme Corp.*
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
sfisher@wc.com
azolan@wc.com
ebaumgarten@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

16

ME1 33686958v.1